UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL BANKS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-307

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 7, 8. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 16), Plaintiff's reply (doc. 17), the administrative record (doc. 9),[1] and the record as a whole.

I.

    A.    **Procedural History**

Plaintiff filed for SSI on December 10, 2015. PageID 242-56. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, obesity, lumbar stenosis and lumbosacral spondylosis and radiculitis. PageID 63.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Laura S. Twilley on May 1, 2018. PageID 73-107. The ALJ issued a written decision on June 15, 2018 finding Plaintiff not disabled. PageID 49-66. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 54-65. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 35-40. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 49-66), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 16), and Plaintiff's reply (doc. 17). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir.

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

2

2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff asserts a number of alleged errors in the ALJ's weighing of opinion evidence of record relating to his physical limitations. Doc. 10 at PageID 855-62. Plaintiff also alleges error in the ALJ's consideration of his treatment history, obesity, and daily activities. *Id*. at PageID 862-65. Because the ALJ's RFC determination was based on medical opinion evidence offered by medical professionals who did not review a complete record, the undersigned finds reversal appropriate and a remand necessary for further consideration. In addition, the undersigned finds error in the ALJ's weighing of opinions offered by Plaintiff's treating physician Morris Brown, M.D. In light of such findings, the undersigned does not reach the merits of Plaintiff's remaining alleged errors and, instead, directs that the ALJ to consider these issues on remand.

    A. **The Record**

A significant issue from the undersigned's perspective -- one noted by Plaintiff in his Statement of Errors -- is that the medical sources who opined in this matter gave their opinions without the benefit of having reviewed the complete record which was before the ALJ at the time she rendered her decision

in this case. The opinions of record -- at least with regard to Plaintiff's physical limitations -- are: (1) opinions offered by record-reviewers Gerald Klyop, M.D. and Rannie Amiri, M.D. on June 8, 2016 and September 2, 2016, respectively; (2) an opinion offered by one-time examining physician Amita Oza, M.D. on May 26, 2016; and (3) opinions offered by treater Dr. Brown in July 2013, October 2014, and August 2015.  PageID 120-21, 136-37, 428-29, 480-87.

Each of these medical sources noted Plaintiff's primary impairment concerned back pain, particularly lower back pain.  PageID 117, 133, 428-29, 480-87.  Evidence of record objectively verifies Plaintiff's back impairment.  Notably, in April 2016, Plaintiff underwent a magnetic resonance imaging ("MRI") procedure at Grandview Hospital in Dayton, Ohio.  PageID 463-64.  That MRI revealed "mild facet arthropathy superimposed on relative central spinal stenosis" and "mild to moderate foraminal stenosis [at] L3-S1 worse at the L5-S1 level in contact with the exiting L5 nerve roots."  PageID 464.

A review of the record appears to show, however, that none of the medical sources who offered opinions regarding Plaintiff's RFC had an opportunity to review the April 2016 MRI.  Although record-reviewers Klyop and Amiri offered their opinions after Plaintiff underwent the MRI in April 2016, it appears neither reviewed these MRI findings and the ALJ seems to acknowledge as much by giving their opinions "little weight."[3]  PageID 62.  Similarly, Dr. Oza also had no opportunity to review these findings as indicated in her report acknowledging, in May 2016, that Plaintiff himself did "not know

---

[3] On appeal, the Commissioner suggests that Drs. Klyop and Amiri reviewed the April 2016 MRI and specifically referenced it in their opinions.  That, however, does not appear to be the case from what the undersigned can decipher from the record.  First, their reports list no records from Grandview Hospital among the "Evidence of Record."  PageID 110-13; 129-32.  Second, the first reference of an MRI in Dr. Klyop's report concerns an MRI predating February 17, 2015, which is obviously not the April 2016 MRI.  The next reference to an MRI in Dr. Klyop's report is made in summarizing Dr. Oza's report (PageID 117, 121) which, from what the Court can understand, references a November 2014 MRI.  PageID 429.  As noted below, Dr. Oza, in her report, suggests that she did not have an opportunity to review Plaintiff's April 2016 MRI because, at the time, Plaintiff himself did not know the MRI results.  PageID 428. Finally, the only reference to an MRI in Dr. Amiri's report concerns a 2014 MRI, not the April 2016 MRI.  PageID 136.  Certainly, MRI results predating Plaintiff's SSI application date are of minimal relevance.  *Cf. Grimes v. Comm'r of Soc. Sec.*, No. 3:13-CV-299, 2015 WL 4550338, at *6 (S.D. Ohio Mar. 3, 2015) (stating that the relevant time period for assessing an SSI benefits claim is the time period between the application and the ALJ's decision).

the results" of the April 2016 MRI. PageID 428. Certainly, Dr. Brown had no opportunity to review the April 2016 MRI when offering his latest opinion in August 2015. PageID 449. The problem with the fact that no medical source who offered an opinion in this case reviewed Plaintiff's April 2016 MRI is exacerbated by the fact that an MRI in October 2017 indisputably showed a worsening of Plaintiff's condition.[4] PageID 643.

"Where, as here, an ALJ determines a plaintiff's RFC without a medical opinion based upon the entirety of the medical evidence of record, the Court cannot find substantial evidence exists to support the ALJ's determination." *Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *4 (S.D. Ohio Feb. 7, 2017), *report and recommendation adopted sub nom. Bryant v. Berryhill*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017); *see also McCabe v. Comm'r of Soc. Sec.*, No. 3:19-CV-96, 2020 WL 1983079, at *3 (S.D. Ohio Apr. 27, 2020). Accordingly, the undersigned finds the ALJ's non-disability finding at issue unsupported by substantial evidence.

    **B.**    **Treating Source Opinion**

In addition to the foregoing, the undersigned finds error in the ALJ's analysis of Dr. Brown's opinions. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Under these regulations, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

---

[4] This is the real concern from the undersigned's perspective and, thus, regardless of whether Drs. Klyop and Amiri had reviewed the April 2016 MRI when giving their opinions, there is no dispute that they did not review Plaintiff's October 2017 MRI that unambiguously noted a worsening of his condition. PageID 643.

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

Here, Dr. Brown opined in July 2013 that Plaintiff cannot maintain employment because of his lumbar spine impairment and, specifically, Plaintiff can stand and walk for up 6 to 8 hours per workday (up to 6 without interruption); sit for 6-8 hours per workday; lift up to 5 pounds; and is moderately limited in his ability to push, pull, bend, reach, handle and move his feet repetitively. PageID 487. In October 2014, Dr. Brown opined that Plaintiff can work part-time and, specifically, can stand and walk for up 4 to 6 hours per workday (up to 3 hours without interruption); sit for 6-8 hours per workday (up to 6 hours without interruption); lift up to 10 pounds; and is moderately limited in his ability to push, pull, bend, reach, handle and move his feet repetitively. PageID 480. In August 2015, Dr. Brown stated that Plaintiff can stand and walk for up 2 to 3 hours per workday (up to 2 without interruption); sit for 4-6 hours per workday (up to 6 hours without interruption); lift up to 10 pounds; and is extremely limited in his ability to push, pull, bend, reach, handle and move his feet repetitively. PageID 449.

The ALJ found Dr. Brown's opinion entitled to partial weight. Her full analysis of Dr. Brown's opinion, however, appears devoid of a controlling weight determination sufficient to provide the Court with an opportunity to meaningfully review her decision. The two most significant reasons as to why the ALJ assigned little weight to Dr. Brown's opinions were because "he is not a specialist and his opinions are not consistent" with each other. PageID 63. As noted above, a physician's specialty and

7

the consistency of his or her opinions are appropriate factors for an ALJ to consider when weighing the opinion of a treating source, but only after the ALJ otherwise finds the treater's opinion unentitled to controlling weight. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The only potential controlling weight analysis of Dr. Brown's opinion appears to center on the ALJ's mentioning that the record contained "no more than moderate findings on imaging studies" and the fact that Plaintiff showed normal strength on clinical examination. PageID 64. But, as noted above, no medical source of record had the benefit of reviewing the relevant imaging studies when issuing their opinions, *see supra*, and, thus, it appears "the ALJ's finding in this regard, made without support of any medical source opinion of record, amounts to an impermissible interpretation of raw medical data." *Tate v. Comm'r of Soc. Sec.*, No. 3:17-CV-371, 2018 WL 4501069, at *4 (S.D. Ohio Sept. 20, 2018), *report and recommendation adopted*, 2018 WL 4954111 (S.D. Ohio Oct. 12, 2018).

Further, with regard to "normal" to "relatively good strength" findings on clinical examination, the ALJ fails to explain how these findings undermine Dr. Brown's opinions in any respect, especially in light of the imaging findings discussed *supra*, Plaintiff's obesity,[5] and other abnormal clinical findings of record.[6] As a result, the undersigned finds the ALJ's weighing of Dr. Brown's opinions unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's

---

[5] While the undersigned does not reach Plaintiff's alleged error regarding the ALJ's consideration of his obesity in conjunction with his other impairments -- perhaps, most notably, his lower back impairment -- the undersigned is concerned with the ALJ's rather perfunctory analysis in this regard. As stated previously, the ALJ should address Plaintiff's concerns on remand.

[6] Plaintiff's treatment records reflect findings of tenderness (407, 424, 439, 444, 538, 737); limited flexion and extension (PageID 569, 756); spasms often labeled as PVMS for paravertebral muscle spasms (PageID 569, 583, 600, 626, 678, 696, 737, 756); and trigger points (PageID 600) in his back on clinical examination.

decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   September 28, 2020                              s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge